81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles DAWN, also known as Charles Webb, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3198.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1996.*
Decided March 26, 1996.
Rehearing Denied April 18, 1996.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Following his direct appeal to this court, United States v. Dawn, 900 F.2d 1132 (7th Cir.1990), Charles Dawn filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion, and we affirmed in an unpublished order that issued on November 22, 1993. Dawn then asked the district court to reconsider its denial of his § 2255 motion, but the request was denied and Dawn appealed.
 
 
 2
 In his pro se appellate brief, Dawn repeats (as he has on more than one occasion in this court) his speedy trial claims, arguing but not demonstrating that he has newly discovered evidence that warrants reconsideration. Dawn's focus on the merits of his speedy trial claim is misplaced; we do not review the merits of the underlying claim which twice earlier was determined without merit. We conclude that this is not one of those "exceptional circumstances" that mandates relief. Provident Savings Bank v. Popovich, Nos. 94-1489, et al., slip op. at 3 (7th Cir. December 11, 1995). Accordingly, the district court did not abuse its discretion in denying the relief that Dawn sought. Id. at 3-4 ("[W]e review a district court's denial of relief under Rule 60(b) for an abuse of discretion, and we will reverse only if we conclude that no reasonable person could agree with the district court's determination.").
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that the statement, the briefs and record, the request for oral argument is denied and the appeal is submitted on the briefs and record